THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TONY R. CHRISTENSEN, Defendant-Appellant.

Second District   No. 77-342

Opinion filed July 10, 1978.

Mary Robinson, Alan Weiderer, and Paul J. Glaser, all of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The defendant-appellant, Tony R. Christensen, hereafter the defendant, appeals from a McHenry County jury's verdict finding him guilty of obstructing a peace officer in violation of section 31—1 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 31—1). The sole issue raised by the defendant on appeal is whether it was error for the trial court to fail to instruct the jury that the State had the burden of proving beyond a reasonable doubt that the defendant was not justified in using force to defend himself or another against excessive force employed by a police officer in effecting an arrest. Upon reviewing the record and weighing the arguments presented, we find the defendant's contention to be inapplicable to the case at hand, and accordingly we affirm the judgment of the circuit court of McHenry County.

The incident which led to the defendant's conviction occurred on November 1, 1975, in the Town Pump Tavern, a Spring Grove, Illinois, drinking establishment. The defendant and Donald R. Blades were sitting at the bar when the chief of the Spring Grove police department, Willard Bychowski, and his wife entered the establishment. The couple sat down, and the off-duty police chief ordered drinks for them. Shortly thereafter, Ken Johnson entered the tavern and sat down with the defendant and Blades. Chief Bychowski was quite surprised to see Johnson in the tavern because he, the chief, believed there to be an arrest warrant out for Johnson. The chief got up and went to the bar to confer with Johnson. At trial, Chief Bychowski testified that during this conversation he told Johnson in a loud, clear voice that he was under arrest. Thereupon, Chief Bychowski walked to the rear of the bar to use the pay phone to call for a squad car. While he was on the phone, Johnson, Blades and the defendant got up and started to leave the tavern. There is a conflict in the testimony as to whether or not Johnson shouted to Chief Bychowski that they were going across the street to Johnson's sister's house. However, it is clear that when the chief saw the three men leaving, he followed and overtook them at the door. At this point, Chief Bychowski reached to grab Johnson. The

defendant stepped in between the two men and pushed away the chief's arm as he reached for Johnson. The chief then pushed the defendant out of the way and grabbed both the defendant and Johnson. At that time, Joseph Coady, a citizen patronizing the bar, came to Chief Bychowski's aid. Coady was instructed to hold Johnson while the chief placed the defendant in a squad car that had just arrived on the scene. There is no evidence that the defendant offered any resistance to being placed in the squad car where he apparently remained for the rest of the incident. After placing the defendant in the squad car, Chief Bychowski attempted to place Johnson in the car as well. It appears that Johnson offered some resistance. In response, the police used some force, which arguably may have been excessive. Defendant remained in the car throughout the events involving Johnson.

As a result of the above incident, the defendant was charged with obstructing a peace officer and Ken Johnson was charged with resisting an officer. The two men were tried together before a jury in the circuit court of McHenry County and both were found guilty. The defendant was sentenced to 10 days of periodic imprisonment and has appealed. The record before us does not reveal Johnson's sentence, nor is he involved in the instant appeal.

The defendant has raised one issue on appeal. He contends that the trial court erred by not instructing the jury that the State had the burden of proving beyond a reasonable doubt that the defendant was not justified in using force to defend himself or another from excessive force used by the police to effect an arrest. We need not reach the merits of this contention, as we find it to be inapplicable to the facts in the case at hand, because there is no evidence in the record that the defendant used any force in defense of himself or another.

The essence of the defendant's argument is that the defense of justifiable use of force or self-defense was not properly presented to the jury because the trial court did not instruct the jury on the State's duty to prove beyond a reasonable doubt that the defendant's use of force was not justified. However, the jury need not be instructed on self-defense unless evidence raising the issue has been presented. (*People v. Warren* (1965), 33 Ill. 2d 168, 210 N.E.2d 507; *People v. Martinez* (1977), 49 Ill. App. 3d 345, 364 N.E.2d 346.) The record before us fails to reveal any evidence supporting the claim of self-defense by the defendant. The basis for the charge against the defendant arose when he stepped between Chief Bychowski and Ken Johnson and brushed away the chief's arm as the chief was attempting to apprehend Johnson. At all other relevant times the defendant was either sitting in the squad car or was being held by Chief Bychowski or Mr. Coady. There is no evidence that defendant used any force beyond knocking aside the chief's arm nor that he resisted

his arrest in any way. Similarly, there is no evidence that excessive force was used upon the defendant. The only evidence in the record of what arguably could be termed excessive force reveals that such force was directed towards Ken Johnson—after the defendant was in custody and was quietly seated in the squad car. There being no evidentiary support to a claim of self-defense by the defendant, any error in the court's instruction on such a defense in the joint trial of the defendant and Ken Johnson must be deemed harmless towards the instant defendant.

For the above reasons, we affirm the judgment of the circuit court of McHenry County.

Judgment affirmed.

SEIDENFELD, P. J., and NASH, J., concur.